# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-10879
Summary Calendar

RAMON DEL CAMPO,

                                Plaintiff-Appellant,

v.

HALE COUNTY DISTRICT ATTORNEY'S OFFICE,

                                Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:07-CV-113

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

       Ramon Del Campo requests leave to proceed in forma pauperis ("IFP") in
this appeal from the dismissal of his civil rights complaint.  He seeks appoint-

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ment of counsel on appeal. Because he has shown no exceptional circumstances that warrant an appointment, the motion is denied.

"Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Del Campo's IFP motion is construed as a challenge to the certification decision. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). The inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Id. at 220 (quotation marks omitted). Del Campo provides no legal argument to show that the district court erred in determining that the only named defendant was not an entity amenable to suit.

The motion for leave to proceed IFP on appeal is denied. The appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard, 707 F.2d at 219-20 (5th Cir. 1983).

APPOINTMENT OF COUNSEL DENIED; IFP DENIED; APPEAL DISMISSED.